# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:14-cr-00178-JAD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| IAN ALEXANDER PINCOMBE, ) | |
| Defendant. ) | |

This motion is before the Court on Defendant's Ex Parte Motion for Internet Sex Chat Linguistic Expert (ECF No. 114), filed on February 8, 2017.

Defendant is charged with coercion and enticement in violation of 18 U.S.C. § 2422(b). *See Indictment* (ECF No.13). Defendant requests funds to hire an expert to review discovery as it relates to potential theories of his defense. *See Motion* (ECF No. 114), pg. 3. He appears to cite to Federal Rule of Evidence ("FRE") 704 as the basis for his request, which states as follows:

> (a) In General--Not Automatically Objectionable. An opinion is not objectionable just because it embraces an ultimate issue.
> (b) Exception. In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

The Criminal Justice Act permits Courts to furnish counsel as well as "investigative, expert, and other services necessary for adequate representation," to defendants who are financially unable to obtain these services. 18 U.S.C.A § 3006A(e); *United States v. Pete*, 819 F.3d 1121, 1130 (9th Cir. 2016). "The decision to grant or deny a motion for expert services pursuant to 18 U.S.C. § 3006A(e) is committed to the sound discretion of the district court and may only be overturned upon a showing of abuse of discretion." *United States v. Lowe*, No. 2:14-CR-0004-JAD-VCF, 2014 WL

6908483, at *5 (D. Nev. Dec. 9, 2014) (citing *United States v. Rinchack*, 820 F.2d 1557, 1563 (11th Cir.1987)).

If the Court finds that the services are necessary to an adequate defense and the person is financially unable to obtain them, the Court "shall authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1). *See also United States v. Bass*, 477 F.2d 723, 725 (9th Cir. 1973). "The statute requires the district judge to authorize [expert] defense services ... in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *Id*. The Court's inquiry into the necessity of services must be specific to the facts of the particular case. *United States v. Chase*, 499 F.3d 1061, 1066 (9th Cir. 2007). The burden is on the defendant to show the services are necessary. *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972). Therefore, a court may authorize funds for an expert witness when the defendant successfully makes a showing that 1) he is financially unable to provide the services, and 2) the services of the [expert] are "necessary for an adequate defense." 18 U.S.C. § 3006A(e); *See also, United States v. Lowe*, 2014 WL 6908483, at *3; *United States v. Melendes-Canacas*, No. CR-08-982-PHX-NVWMHB, 2009 WL 4155146, at *3 (D. Ariz. Nov. 23, 2009).

Defendant failed to demonstrate that an "internet sex chat linguistic" expert is necessary for an adequate defense. Defendant's motion is unclear and does not specify the reasons why such services are necessary to his defense. Defendant cites to *United States v. Gladish*, 536 F.3d 646, 650 (7th Cir. 2008), which found that the exclusion of the psychologist's expert opinion under FRE 704(b) was unwarranted because it was offered to show that it was unlikely that the defendant would attempt to act on his intent. Defendant also cites to *United States v. Hofus*, 598 F.3d 1171, 1178–79 (9th Cir. 2010), which held that expert witness testimony as to likelihood that the defendant would have actually engaged in sexual activity was irrelevant as to whether the defendant violated § 2422. Based on the Court's review, to the extent that Defendant requests an expert to opine as to the likelihood of engaging in sexual activity, the Court does not find that the requested expert testimony would assist the trier of fact in understanding the evidence or determining a fact in issue. Fed. R. Evid. 702(a); *United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993). The Court, therefore, denies Defendant's Motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Ex Parte Motion for Internet Sex Chat Linguistic Expert (ECF No. 114) is **denied**.

DATED this 28th day of February, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge