# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:14-cr-00178-JAD-GWF |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| IAN ALEXANDER PINCOMBE, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 111), filed on February 9, 2017. The Government filed its Response (ECF No. 115) on February 13, 2017.

## BACKGROUND

The indictment in this case charges Defendant Ian Alexander Pincombe with coercion and enticement in violation of 18 U.S.C. § 2422(b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and receipt or distribution of child pornography in violation of 18 U.S.C. 2252(a)(2) & (b)(1). *See* ECF No. 94. Defendant argues that the Court lacks "jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place." *See Motion*, (ECF No. 111), pg. 1. He appears to argue that the Court does not have jurisdiction to hear this matter and that the United States of America does not have the authority to prosecute this matter. Id. at pg. 3-8. Defendant seeks dismissal and requests that the Court establish its jurisdiction. *Id.* at pg. 7. The Government argues that Defendant's contentions lack merit as courts are authorized to hear criminal cases pursuant to 18 U.S.C. § 3231. *See Response*, (ECF No. 115), pg. 2-4. The Government also argues that the United States Attorney is vested with the delegated authority to represent the United States pursuant to Article II, § 2 of the

United States Constitution. *Id*.

## **DISCUSSION**

Rule 12 of the Federal Rules of Criminal Procedure governs pleadings and pretrial motions. It permits a criminal defendant to contest jurisdiction in a motion to dismiss. *See* Fed. R. Crim. P. 12(b)(2). In deciding a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The court must also accept the facts alleged in the indictment as true. *Id*. The court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986). When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g. United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence" *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996).

An indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend and enables him to plead an acquittal or conviction to bar a future prosecution for the same offense. *United States v. Hill*, 279 F.3d 731, 741 (9th Cir.2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). An indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished." *Hamling*, 418 U.S. at 117.

The Commerce Clause empowers the legislative branch to criminalize conduct. U.S. Const. art. I, § 2, cl. 3. Once Congress criminalizes conduct, 18 U.S.C. § 3231 grants courts jurisdiction to hear prosecution and states as follows:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

18 U.S.C. § 3231.

If a federal grand jury returns an indictment, which charges the defendant with violations of federal law, then 18 U.S.C. § 3231 empowers the court to hear a criminal case and impose a sentence. *United States v. Wright*, No. 2:14-CR-357-APG-VCF, 2015 WL 4640420, at *2 (D. Nev. Aug. 4, 2015) (citing *United States v. Longoria*, 259 F.3d 363 (5th Cir.2001), on reh'g en banc, 298 F.3d 367 (5th Cir.2002)). On May 21, 2014, a federal grand jury returned a three-count indictment that included criminal forfeiture allegations against Defendant. *See* ECF No. 13. On September 13, 2016, a federal grand jury returned a three-count superseding indictment charging Defendant with coercion and enticement in violation of 18 U.S.C. § 2422(b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and receipt or distribution of child pornography in violation of 18 U.S.C. 2252(a)(2) & (b)(1). *See* ECF No. 94. Accepting the facts of the indictment as true, the indictment is sufficient and charges Defendant with violations of federal law. The Court, therefore, has jurisdiction under 18 U.S.C. § 3231.

Defendant cites to 40 U.S.C. § 255 and appears to argue that the federal government does not have territorial jurisdiction to prosecute the case against him. *See Motion*, (ECF No. 111), pg. 5-8. Defendant failed to set forth any relevancy regarding the ownership and management of federal public lands to this matter. 40 U.S.C. § 255 describes how the federal government may acquire exclusive jurisdiction over land that it purchases. *United States v. Williams*, 84 F. App'x 678, 680 (7th Cir. 2003). It does not divest the government of jurisdiction to enforce federal law on land that is not owned by the federal government. *Id.* Therefore, dismissal is not warranted.

## CONCLUSION

Defendant is charged with violations of federal law and, pursuant to 18 U.S.C. § 3231, the Court has jurisdiction over this matter. The federal government is authorized to prosecute Defendant for the alleged crimes and dismissal is not warranted pursuant to 40 U.S.C. § 255.

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 111) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge