# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

IAN ALEXANDER PINCOMBE,

    Defendant.

Case No. 2:14-cr-00178-JAD-GWF

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss Indictments for Violation of Speedy Trial Act and Sixth Amendment that was attached to his Motion to Temporarily Suspend Local Rule 10-6(a) (ECF No. 112), filed on February 8, 2017 and filed as a separate docket entry on February 28, 2017. *See* ECF No. 123. The Government filed its Response (ECF No. 130) on March 6, 2017.

## BACKGROUND

The indictment in this case charges Defendant Ian Alexander Pincombe with coercion and enticement in violation of 18 U.S.C. § 2422(b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and receipt or distribution of child pornography in violation of 18 U.S.C. 2252(a)(2) & (b)(1). *See* ECF No. 94. Defendant moves for dismissal of the indictments based on alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161, and his Sixth Amendment right to a speedy trial.

Defendant was arraigned on the indictment on May 28, 2014, at which time trial was set for July 29, 2014. *See Minutes of Proceedings* (ECF No. 16). On June 25, 2014, Defendant was appointed counsel following the withdrawal of his original counsel due to a conflict of interest. *See*

ECF No. 20.  On July 3, 2014, the parties filed their first stipulation[1] to continue the pretrial motion deadlines and trial date.  *See* ECF No. 21.  The stipulation stated that "Defendant concurs in this request for a continuance," which was sought "to allow counsel for defendant sufficient time ... within which to be able to effectively and thoroughly review the evidence..., and thereafter sufficient time within which to able to effectively and thoroughly research, prepare and submit for filing appropriate pre-trial motions on behalf of the client."  *Id.* at pg. 2.  The Court granted the requested continuance on July 7, 2014 and scheduled trial for November 4, 2014.  *See* ECF No. 22.  The Court found that the additional time requested was excludable in computing the time within which trial must commence pursuant to the Speedy Trial Act, Title 18, U.S.C. § 3161(h)(7)(A) when considering the factors under § 3161(B)(I) and (iv).  *Id.* at pg. 4.

On August 21, 2014, the parties filed their second stipulation to continue the pretrial motion deadlines and trial date.  *See* ECF No. 29.   The stipulation stated that "Defendant concurs in this request for a continuance," and that "Defendant Pincombe needs additional time for investigation and motions preparation because additional discovery was just received on August 15, 2014 regarding counts 2 and 3 of the indictment.  Additionally, additional time is needed for the defense forensic expert and private investigator to examine evidence at the Henderson Police Department..."  *Id.* at pg. 2.  The Court granted the requested continuance on August 25, 2014 and scheduled trial for December 16, 2014.  ECF No. 30.  The Court again found that the additional time requested was excludable pursuant to the Speedy Trial Act.  *Id.* at pg. 4.

On September 29, 2014, Defendant filed his motion to proceed pro se.  ECF No. 32.  The Court conducted a hearing on October 6, 2014 during which the Court granted Defendant's oral request that he be appointed new counsel.  *See Minutes of Proceedings* (ECF No. 34).  On October 8, 2014, Defendant was appointed new counsel.  ECF No. 36.  On October 28, 2014, the parties filed their third stipulation to continue the pretrial motion deadlines and trial date.  *See* ECF No. 37.  The stipulation stated that Defendant was in custody, but did not object to the continuance and that

---

[1] The parties labeled this stipulation as their second request, but it is actually the parties first request to continue pretrial motions and the trial date.

2

"due to the appointment of counsel in close proximity to the current trial setting, counsel requests additional time to investigate this matter and interview potential witnesses in order to effectively prepare for trial." *Id.* at pg. 2. The Court granted the requested continuance on October 29, 2014 and scheduled trial for March 17, 2015. ECF No. 30.

On February 5, 2015, the parties filed their fourth stipulation to continue the pretrial motion deadlines and trial date. *See* ECF No. 47. The stipulation stated that Defendant had no objection to the continuance and that the parties were conducting plea negotiations. *Id.* at 2. The Court granted the requested continuance on February 10, 2015 and scheduled trial for May 12, 2015. ECF No. 30. On April 29, 2015, the parties filed their fifth stipulation to continue the pretrial motion deadlines and trial date. *See* ECF No. 54. The stipulation stated that the parties were continuing to conduct plea negotiations which were "more time consuming and more complex because in addition to the plea itself, the parties have also been negotiating the language to be included in the Guilty Plea Agreement." *Id.* at pg. 2. The Court granted the requested continuance on April 30, 2015 and scheduled trial for July 14, 2015. ECF No. 55.

On June 22, 2015, the parties filed their sixth stipulation to continue trial date to allow the parties to continue to conduct plea negotiations. *See* ECF No. 60. The Court granted the requested continuance on June 23, 2015 and scheduled trial for August 17, 2015. ECF No. 61. On July 23, 2015, the parties filed their seventh stipulation to continue trial date because of the parties' protracted plea negotiations. *See* ECF No. 64. On July 27, 2016, the Court granted the requested continuance and scheduled trial for November 3, 2015. ECF No. 66. On October 20, 2015, the parties filed their eighth stipulation to continue trial date to continue plea negotiations, which the Court granted on the same day and scheduled trial for January 5, 2016. See ECF No. 73, 74.

On December 13, 2015, the parties filed their ninth stipulation to continue trial date to continue plea negotiations. *See* ECF No. 80. On December 14, 2015, the Court granted the requested continuance and scheduled trial for March 22, 2016. ECF No. 81. On February 24, 2016, the parties filed their tenth stipulation to continue trial date and informed the Court that after review of the proposed plea agreement, the plea negotiations failed and that the case would be proceeding to trial. *See* ECF No. 83. On February 25, 2016, the Court granted the requested continuance and

scheduled trial for July 26, 2016. ECF No. 84.

On May 3, 2016, Defendant filed his motion to dismiss counsel. ECF No. 86. The Court conducted a hearing on June 2, 2016, during which it instructed Defendant's counsel to discuss the underlying issues regarding representation with Defendant and to subsequently file a status report. *See Minutes of Proceedings* (ECF No. 88). On June 9, 2016, Defendant's counsel filed a status report requesting withdrawal and appointment of new counsel for Defendant. ECF No. 89. On June 16, 2016, Defendant was appointed new counsel. ECF No. 90. On July 5, 2016, the parties filed their eleventh stipulation to continue trial date. ECF No. 92. The stipulation stated that Defendant did not object to the continuance and requested additional time to allow counsel "to review the rather voluminous file, discuss the case with the defendant, and thereafter file any motions and be prepared for trial." *Id*. at pg. 2. The Court granted the requested continuance on July 7, 2016 and scheduled trial for October 18, 2016. ECF No. 93.

On September 13, 2016, the Government filed a superseding indictment. ECF No 94. Defendant was arraigned on the superseding indictment on September 22, 2016. *See Minutes of Proceedings* (ECF No. 97). On September 28, 2016, the parties filed their twelfth stipulation to continue motions deadlines and trial date. ECF No. 98. The stipulation stated that additional time was requested to allow the parties to settle remaining discovery issues and file any pretrial motions. *Id*. at pg. 2. The Court granted the requested continuance and scheduled trial for January 24, 2017. ECF No. 100. On December 28, 2016, the parties filed their thirteenth stipulation to continue motions deadline and trial date to allow defense counsel to confer with Defendant and determine if any pretrial motions must be filed. ECF No. 105. On December 29, 2016, the Court granted the requested continuance, set a pretrial motion briefing schedule, and scheduled trial for April 11, 2017. ECF No. 106.

## DISCUSSION

**1.    Alleged Violation of Defendant's Sixth Amendment Right to a Speedy Trial.**

The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The alleged violation of a defendant's Sixth Amendment right is evaluated under a balancing test which considers the

following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant resulting from the delay. *United States v. Alexander*, 817 F.3d 178, 1181 (9th Cir. 2016); *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972)). The four factors are related and must be considered together with such other circumstances as may be relevant. *Gregory*, 322 F.3d at 1161 (quoting *United States v. Tank Huu Lam*, 251 F.3d 852, 855–56 (9th Cir. 2001)).

The length of the delay is a threshold factor. The delay must have been sufficiently lengthy, and therefore presumptively prejudicial, to trigger examination of the other factors. *Alexander*, 817 F.3d at 1181 (citing *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)). Delays approaching one year are generally considered presumptively prejudicial. *Id.* (citing *United States v. Gregory*, 322 F.3d at 1161–62). *See also United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 2691 n. 1 (1992)). If the threshold showing is made, then the court considers the extent to which the delay exceeds the threshold point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief. *Beamon*, 992 F.2d at 1012 (citing *Doggett*, 505 U.S. at 657, 112 S.Ct. at 2693–94). The delay in this case is in excess of the period of delay that gives rise to a presumption of prejudice. The Court is therefore required to consider all of the factors under the balancing test to determine whether Defendant's right to a speedy trial has been violated.

The second factor considers the reasons for the delay. The reason for delay is closely associated with the length of the delay. Different weights should be assigned to different reasons for delay. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192.

The delay in this case is attributable to different causes. The period of delay from the

Court's Order granting the parties first stipulation to continue on July 7, 2014 through the trial date of March 17, 2015 was due to Defendant's counsel's need for additional time to investigate and prepare pretrial motions. Within this period of delay on October 8, 2014, Defendant was appointed new counsel. This delay was not caused by the Government or did not result from any misconduct by the Government. There is no allegation, for example, that the Government unreasonably delayed providing discovery during this period.

The period of delay from March 17, 2015 through January 5, 2016 was due to the parties' protracted plea negotiations which ultimately failed to succeed. Both parties appear to be responsible for this period of delay. Neither party appears to have acted unreasonably or negligently with respect to the need for continuances during this period. Upon the failure of the parties to reach an agreement, they filed a stipulation to continue. The period of delay from January 5, 2016 through March 22, 2016 was for additional time to conduct a more thorough investigation and to prepare the defense for trial. *See* ECF No. 81. The final period of delay from March 22, 2016 to the current trial date of April 11, 2017 is attributable to the need for additional time for new defense counsel to review discovery, investigate matters, and determine whether pretrial motions must be prepared.

The second factor does not weigh in Defendant's favor because Defendant is primarily responsible for all or most of the delay that occurred. Further, there is no showing that the Government acted in bad faith or was negligent with respect to the period of delay during the parties' plea negotiations. Therefore, while the overall length of the delay weighs presumptively in favor of Defendant, the second factor considering the reason for delay weighs against Defendant.

The third *Barker* factor considers the defendant's assertion of his right to a speedy trial. Whether and how a defendant asserts his right is closely related to the other factors. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. "The strength of [defendant's] efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of

the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.*, 407 U.S. at 531–32, 92 S.Ct. at 2192–93.

Defendant stipulated to all of the continuances of the trial date, which were granted by the Court with the appropriate findings required by the Speedy Trial Act. These stipulations affirmatively represented that Defendant did not object to the requested continuances. Defendant's first assertion of his right to a speedy trial occurred when he filed his underlying motion to dismiss on February 8, 2017. The third factor, therefore, does not weigh in Defendant's favor.

The fourth factor considers the actual prejudice suffered by the Defendant as a result of the delay. Prejudice is assessed in light of the interests of the defendant which the speedy trial right was designed to protect. The Supreme Court has identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. "Of these, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory however, is not always reflected in the record because what has been forgotten can rarely be shown." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. While "incarceration in the pretrial period [is] a hardship and must be included in the assessment of 'prejudice,' " *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir.1990), it must be balanced and assessed in light of the other *Barker* factors, including "length, reasons, and responsibility for the delay." *United States v. Christian*, No. 209-CR-00303-JCM-LRL, 2010 WL 2326071, at *5 (D. Nev. May 3, 2010).

Defendant has not shown that he suffered actual prejudice through loss of witness testimony or other evidence as a result of the delay in this case. Although Defendant has been incarcerated and presumably experiences anxiety and concern, the length of his incarceration and any prejudice present in the form of anxiety or concern does not weigh significantly in favor of finding a Sixth Amendment violation. Having weighed each of the factors, the Court concludes that Defendant was not deprived of his constitutional right to a speedy trial.

. . .

### 2. Alleged Violation of the Speedy Trial Act.

Defendant argues that his rights under the Speedy Trial Act have been violated because more than 70 days have elapsed since the indictment. *See Defendant's Motion* (ECF No. 123), pg. 9. The Government argues that, taking into consideration excluded time, only 41 days have elapsed since Defendant's arraignment on May 28, 2014. *See Response* (ECF No. 130), pg. 3. The Speedy Trial Act states as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

The Act further provides as follows:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice serve by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excludable under the Speedy Trial Act.

18 U.S.C. § 3161(h)(7)(A).

The Act, therefore, recognizes that legitimate needs of the government and of a criminal defendant may cause permissible delays. *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004). The defendant has the burden of proving that the delay meets the criteria for dismissal." *United States v. Medina*, 524 F.3d 974, 981 (9th Cir.2008); *see also* 18 U.S.C. § 3162(a)(2). The speedy trial clock starts running after either the indictment or arraignment, whichever comes last. *Daychild*, 357 F.3d at 1090.

Defendant's rights under the Speedy Trial Act have not been violated. The clock began to run when Defendant was arraigned on May 28, 2014. *See Minutes of Proceedings* (ECF No. 16). The clock tolled when the Court granted the parties' first stipulation to continue pretrial motions deadlines and trial date on July 7, 2014. *See* ECF No. 22. Between Defendant's arraignment and the entry of the first stipulation to continue trial, forty non-excludable days elapsed. In granting each of the requested continuances, the Court found that the ends of justice would best be served by

a continuance of the trial date and that the time requested was excludable under the provisions of the Act. Therefore, Defendant's rights under the Speedy Trial Act were not violated because the trial postponements were considered excluded time under the provisions the Act.

## CONCLUSION

Based on an evaluation of the relevant factors, the pretrial delay in this case has not resulted in a violation of Defendant's Sixth Amendment right to a speedy trial or the Speedy Trial Act. Dismissal of the indictment is not warranted. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Indictments for Violation of Speedy Trial Act and Sixth Amendment (ECF No. 123) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge