# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00178-JAD-GWF |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| IAN ALEXANDER PINCOMBE, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Relief (ECF No. 138), filed on March 14, 2017.

### BACKGROUND

The complaint (ECF No.1) and arrest warrant (ECF No. 3) were filed on May 5, 2014. On May 21, 2014, the grand jury returned a three-count indictment charging Defendant with coercion and enticement in violation of 18 U.S.C. § 2422(b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and receipt or distribution of child pornography in violation of 18 U.S.C. 2252(a)(2) & (b)(1). *See* ECF No. 13. On September 13, 2016, the grand jury returned a three-count superseding indictment charging Defendant with the same charges as the May 21, 2014 indictment including criminal forfeiture allegations. *See* ECF No. 94.

Defendant broadly requests dismissal, release from custody, return of his property, compensation for incarceration, and that his record be expunged. He argues that the complaint should be dismissed pursuant to Rule 3 and 4 of the Federal Rules of Criminal Procedure as well as the Fourth, Fifth, and Sixth Amendments. Defendant also appears to rehash arguments and motions that he has previously filed and that this Court has already recommended be denied. Further, the Court denied Defendant's motion to extend time to file motions to dismiss (ECF No. 118). The Court, therefore, finds this motion to be untimely.

## DISCUSSION

Rule 4(a) of the Federal Rules of Criminal Procedure states as follows:

> If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it.

Fed. R. Civ. P. 4(a).

Rule 3 of the Federal Rules of Criminal Procedure states that a "complaint is a written statement of the essential facts constituting the offense charged. Fed. R. Civ. P. 3. The purpose of a complaint is to enable a magistrate judge "to determine whether the 'probable cause' required to support a warrant exists." *Giordenello v. United States*, 357 U.S. 480, 485–86 (1958). The facts upon which the magistrate judge bases his probable cause determination must appear within the four corners of the charging document. *United States v. Rubio*, 727 F.2d 786, 795 (9th Cir.1983).

Defendant argues that the complaint and his arrest are invalid for lack of probable cause. The complaint, sworn to by Detective Yurek, establishes probable cause that Defendant's offense, the coercion and enticement charge in violation of 18 U.S.C. § 2422(b), was committed by Defendant. *See* ECF No. 1. Further, a federal grand jury indicted Defendant and, therefore, the grand jury after considering the evidence presented, determined probable cause exists to believe Defendant committed the acts charged in his indictment. *See* ECF Nos. 13, 94. Defendant fails to demonstrate that probable cause did not exist and that his case should be dismissed.

## CONCLUSION

The Court denied Defendant's request to extend the deadline to file pretrial motions and, therefore, denies this motion as untimely. The complaint establishes probable cause to support an arrest warrant and, therefore, dismissal is not warranted. To the extent that Defendant's motion is a motion for pretrial release, he failed to set forth the standards to reopen the detention hearing. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Relief (ECF No. 138) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge