# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

IAN ALEXANDER PINCOMBE,

        Defendant.

Case No. 2:14-cr-00178-JAD-GWF

**ORDER**

This matter is before the Court on Defendant's Motion for Expert Witness (ECF No. 133), filed on March 14, 2017. The Government filed its Response (ECF No. 143) on March 24, 2017.

## BACKGROUND

The indictment in this case charges Defendant Pincombe with coercion and enticement in violation of 18 U.S.C. § 2422(b); possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and receipt or distribution of child pornography in violation of 18 U.S.C. 2252(a)(2) & (b)(1). *See* ECF No. 94. On February 8, 2017, Defendant filed his Ex Parte Motion for Internet Sex Chat Linguistic Expert (ECF No. 114) and on February 28, 2017, the Court denied Defendant's Ex Parte Motion. *See* ECF No. 124. Defendant appears to be restating arguments that were already presented in his Ex Parte Motion that the Court has already denied. Defendant requests an expert witness to testify regarding the likelihood of Defendant engaging in sexual activity with a minor. The Government argues that the proposed expert testimony is irrelevant and is improper under Rule 704(b) of the Federal Rules of Evidence.

## DISCUSSION

Rule 402 of the Federal Rules of Evidence states that irrelevant evidence is not admissible. Fed. R. Evid. 402. Rule 401 defines relevant evidence as "evidence having any tendency to make

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Relevant evidence may be excluded under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.  Fed. R. Evid. 403.

In *United States v. Hofus*, the district court excluded the defendant's expert testimony that the defendant valued text communication "in fantasy alone" and was unlikely to engage in sex with the minor victim.  *United States v. Hofus*, 598 F.3d 1171, 1172 (9th Cir. 2010).  The Ninth Circuit held that the testimony was inadmissible because propensity to commit a sexual act was not before the jury as the defendant was convicted of coercion in violation of 18 U.S.C. § 2422(b).  *Id.* at 1180.  The Court stated that there is "a distinction between the intent to persuade or attempt to persuade a minor to engage in a sex act and the intent to actually commit the criminal sex act itself."  *Id.* at 1178.  Even if offered to show an absence of intent to persuade, induce or entice, the expert testimony goes to the ultimate issue that must be decided by the jury and was properly excluded under Rule 704(b).  *Id.* at 1179.  Rule 704(b) provides that an expert witness in a criminal case must not state an opinion about whether the defendant did or did not have a mental state that constitutes an element of the crime charged.  Fed. R. Evid. 704(b).

Defendant requests an expert witness to testify regarding his predisposition to engage in a sexual act with a minor.  The Court denies Defendant's request as the proffered testimony is irrelevant.  If offered to show that Defendant lacked the intent to persuade, induce, or entice, the Court denies Defendant's request under Rule 704(b).  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expert Witness (ECF No. 133) is **denied**.

DATED this 3rd day of April, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge