|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Ian Alexander Pincombe,<br><br>    Defendant | 2:14-cr-00178-JAD-GWF-1<br><br>**Order Overruling Objections, Adopting Reports and Recommendations, and Denying Motions to Dismiss**<br><br>[ECF Nos. 111, 123, 127, 131, 132, 135, 138, 140, 144, 148] |

    Defendant Ian Pincombe stands charged with possession of child pornography and related offenses.[1] After soured relationships with three lawyers,[2] Pincombe invoked his right to self-representation, which Magistrate Judge Foley granted after a *Faretta* canvas.[3] Pincombe has since filed a series of dismissal motions and a motion to extend the pretrial motion deadline.[4] The magistrate judge denied Pincombe's motion to extend the deadline,[5] and he recommends that I deny Pincombe's dismissal motions.[6] Pincombe objects to the magistrate judge's findings and recommendations,[7] and he moves me to reconsider the magistrate judge's order declining to extend the pretrial motion deadline. Having reviewed the magistrate judge's findings and conclusions de novo, I adopt his recommendations, deny Pincombe's dismissal motions, and decline to reconsider the magistrate judge's order that denied Pincombe's request to extend the deadline.

---

[1] ECF 110 (minutes).

[2] ECF Nos. 36, 90, 110.

[3] ECF Nos. 111, 123, 138.

[4] ECF No. 118.

[5] ECF No. 126.

[6] ECF Nos. 127, 131, 140.

[7] ECF Nos. 135, 148.

## Discussion

**A.     Motion to reconsider [ECF No. 132]**

On December 29, 2016, I granted the parties' stipulation and continued Pincombe's trial date to April 11, 2017, with pretrial motions due by February 13, 2017.[8] A few weeks later, Pincombe moved to dismiss counsel and proceed pro se.[9] On February 8, 2017, the magistrate judge granted that request, and Pincombe filed a timely motion to dismiss for lack of jurisdiction.[10] Pincombe then moved to extend the pretrial motion deadline[11] and, while that motion was pending, he filed an untimely motion to dismiss for speedy-trial violations.[12]

On February 28, 2017, the magistrate judge entered an order indicating that the court would consider both Pincombe's motion to dismiss for lack of jurisdiction and the untimely motion to dismiss for speedy-trial violations, but he denied Pincombe's request to continue the pretrial motion deadline for any other pretrial motions.[13] Pincombe moves me to reconsider that order,[14] and he has since filed a "motion for relief"[15] seeking dismissal of the indictment and various other forms of relief, and a motion to dismiss based on *Brady/Giglio* violations.[16]

On March 24, 2017, I held a status conference to address the effect of Pincombe's filings on the April 11th trial date. To allow the government an opportunity to respond to Pincombe's motions and the court an opportunity to address them, I granted the government's oral motion for a

---

[8] ECF No. 106.

[9] ECF No. 108.

[10] ECF No. 111.

[11] ECF No. 117.

[12] ECF No. 123.

[13] ECF No. 126.

[14] ECF No. 132.

[15] ECF No. 138.

[16] ECF No. 144.

continuance and continued the trial to May 23, 2017.[17]

Under Local Rule IB 3-1, a district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case if the movant shows that the magistrate judge's order is clearly erroneous or contrary to law. Pincombe has not shown that Magistrate Judge Foley's error is clearly erroneous or contrary to law. Pincombe—who has recently taken a "sovereign citizen" approach to his defense and now denies even his own name[18]—simply rehashes his jurisdictional arguments and claims that he has been kidnaped, assaulted, and falsely imprisoned.[19] Pincombe does not identify any non-frivolous pretrial motions that he needs additional time to file, this case has been pending for nearly two years, and extending the pretrial motion deadline would result in further delay. Additionally, the magistrate judge generously stated that the court would consider Pincombe's untimely motion to dismiss for pre-trial violations. Accordingly, I decline to reconsider the magistrate judge's order, and Pincombe's "motion for relief" and "motion to dismiss based on Brady/Giglio violations" remain untimely under the magistrate judge's February 28, 2017, order.

**B.     Reports and Recommendations [ECF Nos. 127, 131, 140]**

A district judge reviews objections to a magistrate judge's proposed findings and recommendations de novo.[20] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[21] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[22] Local Rule IB 3-2(b) requires de novo consideration of specific

---

[17] ECF No. 141.

[18] *See United States v. Mitchell*, 405 F. Supp. 2d 602, 603–06 (D. Md. 2005) (describing the "sovereign citizen" belief system); *see also United States v. Neal*, 776 F.3d 645, 656, n.10 (9th Cir. 2015) (referencing *Mitchell*).

[19] ECF No. 132 at 2.

[20] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[21] *Id.*

[22] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

objections only.[23]

### 1. Motion to dismiss for lack of jurisdiction [ECF No. 111]

Pincombe moves to dismiss the indictment for lack of territorial jurisdiction. He argues that the federal government does not have police power and lacks jurisdiction over this case. The magistrate judge recommends that I deny the motion because Pincombe is charged with violations of federal law, so the court has jurisdiction over this case under 18 U.S.C. § 3231. Pincombe objects that the magistrate judge lacks authority to entertain the dismissal motion under 28 U.S.C. § 636, and he argues that the magistrate judge is biased because he is "[h]iding behind the twisted interpretation of the scope of the Bill of Rights,"[24] and he reiterates his argument that the federal government is one of limited jurisdiction.

First, Pincombe ignores § 636(b)(1)(B), which states that "a judge may designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for disposition" for any motion excepted in subparagraph (1)(A). Thus, although the magistrate judge lacks authority to finally determine a motion to dismiss the indictment, he may submit proposed findings and recommendations for the district judge. This is precisely the procedure followed in this case and the procedure provided in this district's local rules.[25] Thus, Magistrate Judge Foley has authority to issue reports and recommendations on Pincombe's dismissal motions as he has done here, and the magistrate judge's performance of these duties does not demonstrate a bias against Pincombe.

As to the merits of Pincombe's dismissal motion, the Commerce Clause empowers the legislative branch to criminalize conduct, including the acts that Pincombe allegedly committed.[26]

---

[23] *See* L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[24] ECF No. 135 at 6.

[25] Local Rule IB 1-4.

[26] 18 U.S.C. § 2422(b) (coercion and enticement); 18 USC § 2252(a)(5)(B) (possession of child pornography); and 18 USC § 2252(a)(2) & (b)(1) (receipt or distribution of child pornography).

Title 18 § 3231 of the United States Code in turn gives federal district courts original jurisdiction over "all offenses against the laws of the United States." Once, as here, a federal grand jury returns an indictment charging the defendant with violations of federal law, a federal district court has jurisdiction to hear a criminal case and impose a sentence.[27] Because Pincombe's indictment is valid on its face, I overrule Pincombe's objection, adopt the magistrate judge's report and recommendation, and deny the motion to dismiss.

### 2. *Motion to dismiss for speedy-trial violations [ECF No. 123]*

The magistrate judge also recommends that I deny Pincombe's motion to dismiss for speedy-trial violations, reasoning that most if not all delay in this case is attributable to Pincombe—who stipulated to all continuances of the trial date through April 11, 2017—and that Pincombe failed to show actual prejudice from the delay.[28] Pincombe objects that he did not consent to his attorney's stipulations to continue the trial date on his behalf.[29]

Under *Barker v. Wingo* courts consider four factors in determining whether a defendant has been denied his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's prior assertion of the right, and (4) the prejudice resulting from the delay.[30] The Ninth Circuit has explained that the length of the delay is a "threshold" factor, and a sufficiently lengthy delay is necessary to trigger examination of the other three factors.[31] The magistrate judge correctly determined that the nearly two year delay in this case and the then-trial date of April 11, 2017, is

---

[27] *See e.g., United States v. Longoria*, 259 F.3d 363 (5th Cir. 2001), *on reh'g en banc*, 298 F.3d 367 (5th Cir. 2002).

[28] ECF No. 131 at 5–6.

[29] Pincombe did not file specific objections to the magistrate judge's recommendation on the motion to dismiss for speedy-trial violations, but he objected to some of the findings contained in that report in his objection to the magistrate judge's report and recommendation on Pincombe's "motion for relief." ECF No. 148 at 6.

[30] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[31] *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016) (citing *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)).

sufficiently lengthy to trigger the balancing test.[32]

As the Ninth Circuit recently reiterated in *United States v. Alexander*, who bears responsibility for the delay is "the focal inquiry."[33] "If the government can show that the delay was wholly justifiable because it proceeded with reasonable diligence" the defendant must show that he suffered actual prejudice from the delay.[34] But if the government intentionally or negligently caused the delay, "prejudice may be presumed, and its weight in the defendant's favor depends on the reason for the delay and the length of the delay."[35]

The magistrate judge correctly determined that Pincombe bears primary responsibility for the delays in this case. And the additional delay since the magistrate judge issued his recommendation is also attributable to Pincombe because the court needed sufficient time to address his numerous belatedly filed pretrial motions. Pincombe's prior counsel's stipulations to continue the trial date on his behalf are properly attributable to him, and much of this delay is attributable to Pincombe's repeated requests for new counsel and to allow new counsel to get up to speed on the case. As the magistrate judge noted, Pincombe never invoked his right to a speedy trial until he filed this dismissal motion on February 28, 2017. And because the government did not cause the delay—much less intentionally or negligently cause it—Pincombe is required to show actual prejudice, which he fails to do. Accordingly, I overrule Pincombe's objection, adopt the magistrate judge's report and recommendation, and deny the motion to dismiss for speedy-trial violations.

### 3. Motion for relief [ECF No. 138]

Pincombe's third motion seeks to dismiss the indictment under Federal Rule of Criminal Procedure Rules 3 and 4 and under the 4th, 5th, and 6th Amendments.[36] Magistrate Judge Foley

---

[32] ECF No. 235 at 15. *See United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003) ("[D]elays approaching one year are presumptively prejudicial").

[33] *Alexander*, 817 F.3d at 1182 (citing *Sears*, 877 F.2d at 739)).

[34] *Id.* at 1182 (internal citation omitted).

[35] *Id.* (internal citation omitted).

[36] ECF No. 138.

recommends that I deny this motion as untimely. He also explains that the criminal complaint in this case sufficiently established probable cause for Pincombe's arrest, and a federal grand jury later determined that there was probable cause to believe that Pincombe committed the charged offenses. In his objection, Pincombe continues to argue that this court lacks jurisdiction and challenges the magistrate judge's authority. Because Pincombe's objection lacks merit and his motion is late, I overrule it, adopt the magistrate judge's report and recommendation, and deny Pincombe's motion as untimely.

### 4. *Motion to dismiss for <u>Brady</u>/<u>Giglio</u> violations [ECF No. 144]*

Pincombe has also filed an untimely motion to dismiss for *Brady*/*Giglio* violations. The deadline for filing a response has passed, and the magistrate judge has not yet issued a report and recommendation. I deny this motion as untimely. But even if I had considered its merits, I would deny it. Pincombe has not identified any exculpatory or impeachment evidence that the government has failed to produce. Instead, he generally challenges the nature of the sting operation in this case and rehashes some of the arguments that he raised through counsel in a (failed) motion to dismiss the indictment based on outrageous government conduct.[37] For the reasons stated in the magistrate judge's report and recommendation and my order on that motion,[38] Pincombe's motion fails on the merits, and I deny it.

---

[37] *See* ECF Nos. 144, 41.

[38] ECF Nos. 77, 79.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Pincombe's objections **[ECF Nos. 135, 148] are OVERRULED**, the magistrate judge's reports and recommendations **[ECF Nos. 127, 131, 140] are ADOPTED**, and Pincombe's motions to dismiss **[ECF Nos. 111, 123, 138, 144] are DENIED.**

IT IS FURTHER ORDERED that Pincombe's motion to reconsider **[ECF No. 132] is DENIED.**

April 13, 2017

_____
Jennifer A. Dorsey
United States District Judge